**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**BRANDYWINE COMMUNICATIONS**
**TECHNOLOGIES, LLC,**

**Plaintiff,**

-vs-                                          Case No.  6:11-cv-1344-Orl-36DAB

**VERIZON COMMUNICATIONS, INC.,**
**CENTURYLINK, INC., AT&T INC., and**
**EARTHLINK, INC.,**

**Defendants.**
_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on consideration of Plaintiff's

Response (Doc. No. 47) to the Court's Order to Show Cause (Doc. No. 36) why the Plaintiff's claims

against the various Defendants should not be severed and Plaintiff be ordered to file separate actions.

Upon review, and for the reasons set forth herein, it is **respectfully recommended** that the claims

against each Defendant be severed, and the case proceed as set forth herein.

*Background*

Plaintiff has filed a seven count Complaint against four Defendants, asserting that all

Defendants violated seven Patents (Doc. No. 1).  As set forth in the Order to Show Cause, there is no

allegation that Defendants have acted in concert with one another, nor that the claims of infringement

of the seven Patents are interrelated.  In response to the show cause Order, Plaintiff does not dispute

that the four Defendants here are not related.  Rather, Plaintiff contends that the action can proceed

jointly because: 1) issues of claim construction are common to all Defendants; and 2) judicial

efficiency will not be served by severance.  The arguments advanced by Plaintiff are insufficient to warrant joinder here.

*Standard of Law*

"On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." Fed.R.Civ.P. 21.  Pursuant to Federal Rule of Civil Procedure 20, which allows permissive joinder of claims, a plaintiff may join claims against defendants if the claims "aris[e] out of the same transaction, occurrences, or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action." Fed.R.Civ.P. 20(a).[1]  A party seeking joinder under Rule 20 must establish two prerequisites: (1) a right to relief arising out of the same transaction or occurrence, or series of transactions or occurrences, and (2) some question of law or fact common to all persons seeking to be joined. *Alexander v. Fulton County*, 207 F.3d 1303, 1323 (11th Cir. 2000), *overruled on other grounds by Manders v. Lee*, 338 F.3d 1304 (11th Cir. 2003).  The central purpose of Rule 20 is to promote trial convenience and expedite the resolution of disputes, thereby eliminating unnecessary lawsuits. *Id.* Although the preconditions for permissive joinder are construed generously to permit the broadest scope of action commensurate with traditional notions of justice and fair play, the court possesses equally broad discretion to sever parties based on misjoinder. *See Alexander*, 207 F.3d at 1323.  Rule 20(b) and Rule 42(b) vest in the district court the discretion to order separate trials or make such other

---

[1]Federal Rule of Civil Procedure 20(a)(2) states in pertinent part: Persons . . . may be joined in one action as defendants if (A) any right to relief is asserted against them, jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences and (B) any question of law or fact common to all defendants will arise in the action. Fed.R.Civ.P. 20(a)(2)(A) & (B).

orders as will prevent delay or prejudice. *Id.* "All logically related events entitling a person to institute a legal action against another generally are regarded as comprising a transaction or occurrence." *Id.*

The determination of whether the situation constitutes the same transaction or occurrence for purposes of Rule 20 is determined on a case by case basis. *Mosley v. General Motors Corp.*, 497 F.2d 1330, 1333 (8th Cir. 1974). The transactional test requires that, to be joined, parties must assert rights, or have rights asserted against them, that arise from related activities – a transaction or an occurrence or a series of such. "In ascertaining whether a particular factual situation constitutes a single transaction or occurrence for purposes of Rule 20, a case by case approach is generally pursued. No hard and fast rules have been established under the rule." *Id.* at 1333. Courts look at each case individually to determine whether the claims are logically related, thereby allowing "all reasonably related claims for relief by or against different parties to be tried in a single proceeding." 7 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE & PROCEDURE 2D §1653.

*Analysis*

In each count (one per Patent), Plaintiff asserts that all Defendants violated every Patent. There is no allegation, however, that these alleged violations are related. In its Response, Plaintiff argues:

> This case should not be severed because the Defendants in this case are accused of infringing the same seven patents. Numerous legal and factual issues common to all Defendants, including claim construction and validity of all seven patents, will arise in this case. Further, because the America Invents Act is not the controlling law of this case, infringement claims asserting the same set of patents do meet the same transaction test under Rule 20. *MyMail, Ltd. v. America Online, Inc.*, 223 F.R.D. 445, 458 (E.D. Tex. 2004).

(Doc. No. 47).

Thus, Plaintiff suggests that all that is necessary to join unrelated Defendants who have allegedly committed unrelated acts of Patent infringement, is that the Patent be "the same." The Court is not persuaded.

The mere fact that the same Patent is at issue is not enough to meet the "same transaction or occurrence" requirement of Rule 20, under the majority view. *See, e.g., Rudd v. Lux Prods. Corp.*, No. 09 CV 6957, 2011 WL 148052, at \*2-3 (N.D. Ill. Jan. 12, 2011) (a party fails to satisfy Rule 20(a)'s requirement of a common transaction or occurrence where unrelated defendants, based on different acts, are alleged to have infringed the same patent)*,[2] citing Golden Scorpio v. Steel Horse Bar & Grill*, 596 F.Supp.2d 1282, 1285 (D. Ariz. 2009) ("[A]llegations against multiple and unrelated defendants for acts of patent, trademark, and copyright infringement do not support joinder under Rule 20(a)."); *Pereo, Inc. v. Alloc, Inc*., 262 F.Supp.2d 122, 128 (S.D. N.Y. 2003) ("[T]he fact that two parties may manufacture or sell similar products, and that these sales or production may have infringed the identical patent owned by the plaintiffs is not sufficient to join unrelated parties as defendants in the same lawsuit pursuant to Rule 20(a)."); *Philips Elecs. N. Am. Corp. v. Contec Corp*., 220 F.R.D. 415, 417 (D. Del. 2004) ("Allegations of infringement against two unrelated parties based on different acts do not arise from the same transaction."); *New Jersey Mach. Inc. v. Alford Indus., Inc*., 21 U.S.P.Q.2d 2033, 2034-35 (D. N.J. 1991) ( "[C]laims of infringement against unrelated

---

[2]Notably, the *Rudd* court declined to follow the approach of the Eastern District of Texas, as set forth in *MyMail, Ltd.,* cited by Plaintiff here. The *Rudd* court reasoned:

> In support of their first argument, Plaintiffs urge the Court to adopt the Eastern District of Texas' application of Rule 20(a), *see MyMail, LTD. v. Am. Online, Inc*., 223 F.R.D. 455 (E.D.Tex.2004). In *MyMail*, the court held that claims arise out of the same series of transactions or occurrences if there is "a nucleus of operative facts or law in the claims against all the defendants." *Id.* at 456-57. The Court agrees with Emerson that this approach "eviscerates the same transaction or occurrence requirement and makes it indistinguishable from the requirement that there be a common question of law or fact." Reply in Supp. of Emerson Electric Co.'s Mot. to Dismiss for Improper Joinder or, in the Alternative, to Sever and Transfer, at 4. The Court, therefore, rejects this approach.

*Rudd, supra,* 2011 WL 148052, at \*2-3.  This Court agrees with this analysis.

-4-

defendants, involving different machines, should be tried separately against each defendant."), *aff'd* 983 F.2d 1087 (Fed. Cir. 1992); *Paine, Webber, Jackson & Curtis, Inc. v. Merrill Lynch*, 564 F.Supp. 1358, 1371 (D. Del. 1983) ("Allegations of infringement against two unrelated parties based on different acts do not arise from the same transaction."); *Spread Spectrum Screening, LLC v. Eastman Kodak Co.*, No. 10 C 1101, 2010 WL 3516106, at *2 (N.D. Ill. Sept.1, 2010) ("The accused infringing software, other evidence and witnesses are all different and unique .... Therefore, because plaintiff's action is against ... two competing products, Kodak and Heidelberg and Hafner are improperly joined as defendants.").

Moreover, while the Court agrees that this case does not fall under the Leahy–Smith America Invents Act, 35 U.S.C. § 299, which became effective a month after the instant action was filed, it nonetheless finds that a recommendation to sever these claims is in full accord with that Act. The Act limits when defendants can be joined in patent cases, noting that accused infringers may not be joined "based solely" on the fact that they infringe the same patents.  The Act includes a provision (which does not apply to cases filed before the effective date of the Act) stating that accused patent infringers may be joined in one action as defendants only if two conditions are met: (1) the right to relief against them must arise "out of the same transaction, occurrence, or series of transactions or occurrences relating to the making, using, importing into the United States, offering for sale, or selling of the same accused product or process"; and (2) "questions of fact common to all defendants or counterclaim defendants will arise in the action." 35 U.S.C. § 299.  *See Pinpoint, Inc. v. Groupon, Inc.*, No. 11 C 5597, 2011 WL 6097738, *1 (N.D. Ill. Dec. 5, 2011) (noting first element of Rule 20's joinder test is not met where plaintiff "merely accuses unrelated defendants of independently infringing the same patent" and noting this approach is consistent with the Act).  The Court therefore finds that the requirements of Rule 20 have not been met, and joinder is inappropriate here.

While the Court finds joinder to be inappropriate, it acknowledges Plaintiff's concern regarding a unified approach to issues of claim construction and validity of the same Patent. These concerns, however, can be addressed by coordinated case management of the cases with respect to the resolution of truly identical issues, while allowing each Defendant to pursue their defense as they see fit. The details of such limited consolidation can be examined best through a detailed case management conference with all parties and the Court.

### Conclusion

For the reasons set forth above, the Court finds the claims against the Defendants to be improperly joined. It is **respectfully recommended** that:

1. The claims against each Defendant be severed and pursued in separate actions;

2. The separate actions, once filed by Plaintiff with appropriate new complaints, Civil Cover Sheets and filing fees, should be assigned by the Clerk to the same District Judge and United States Magistrate Judge;

3. Any Defendant already properly served in this action may be served by delivery of new process on its counsel.

4. The cases be coordinated with respect to issues of claim construction and validity of each Patent, as appropriate; and

5. The Court should hold a joint conference on the cases, with both the District Judge and the assigned Magistrate Judge presiding, for purposes of case management and scheduling. Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on January 24, 2012.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy